# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
### WESTERN DIVISION

| | |
|---|---|
| KENNEDY WILLIAM MILLER,  ) | |
| )  | |
|    Plaintiff,  ) | |
| )  | |
| v.  ) | |
| )  | No. 2:13-cv-02149-JPM-dkv |
| CHINENYE UCHENDU, M.D.;  ) | |
| METHODIST HEALTHCARE MEMPHIS  ) | |
| HOSPITALS d/b/a METHODIST  ) | |
| LEBONHEUR HEALTHCARE; and  ) | |
| METHODIST HEALTHCARE  ) | |
| FOUNDATION,  ) | |
| )  | |
|    Defendants.  ) | |

**ORDER DENYING DEFENDANT'S MOTION TO STRIKE**
**AND**
**ORDER GRANTING DEFENDANTS' MOTIONS FOR JUDGMENT ON THE PLEADINGS**

Before the Court are the following Motions:  the Motion for Judgment on the Pleadings of Defendant Chinenye Uchendu, M.D. ("Uchendu"), filed April 29, 2013 (ECF No. 11); the Motion to Strike of Uchendu, filed May 29, 2013 (ECF No. 18); the Motion for Judgment on the Pleadings by Methodist Healthcare Memphis Hospitals d/b/a Methodist LeBonheur Healthcare ("Methodist Healthcare"), filed May 29, 2013 (ECF No. 17); and the Amended Motion for Judgment on the Pleadings of Methodist Healthcare, filed July 1, 2013 (ECF No. 22.)  For the following reasons, Uchendu's Motion to Strike (ECF No. 18) is DENIED and Defendants'

Motions for Judgment on the Pleadings (ECF Nos. 11, 17, 22) are GRANTED as to Plaintiff's state-law claims.

## I.   BACKGROUND

On February 15, 2013, Plaintiff filed a Complaint in the Circuit Court of Shelby County, Tennessee, against Defendants Uchendu, Methodist Healthcare, and Methodist Healthcare Foundation (collectively "Defendants"), alleging that he was injured by the actions of these health care providers. (ECF No. 1-1 at Page ID 8-20.)[1] The Complaint asserts claims for negligence, negligence per se, res ipsa loquitor negligence, medical malpractice, and failure of the Defendants to comply with the Emergency Management Treatment and Active Labor Act ("EMTALA"), 42 U.S.C. § 1395dd. (ECF No. 1-1 at Page ID 13-18.) On March 8, 2013, Defendant Methodist Healthcare removed the instant action to this Court. (ECF No. 1.) Methodist Healthcare filed its Answer to Plaintiff's Complaint on March 14, 2013 (ECF No. 4), and on April 16, 2013, Uchendu filed his Answer to Plaintiff's Complaint (ECF No. 9).[2]

On April 29, 2013, Uchendu filed a Motion for Judgment on the Pleadings on the grounds that Plaintiff's Complaint does not comply with Tennessee Code Annotated Section 29-26-121. (ECF No. 11.) On May 17, 2013, Plaintiff filed a Notice of Filing

---

[1] When an Electronic Case Filing contain multiple documents, the Court will refer to the Page Identification ("PageID") numbers on the top right of the Electronic Case Filing.
[2] On March 18, 2013, the Court dismissed all claims against Defendant Methodist Healthcare Foundation pursuant to a Stipulation of Dismissal. (ECF No. 8.)

Supplemental Exhibits to Plaintiff's Original Complaint (the
"Notice"), containing HIPAA medical authorizations for release
and return receipts for certified mail sent to Defendants that
were not attached to his Complaint (the "Supplemental Exhibits").
(See ECF Nos. 12 to 12-4.)[3]  On May 28, 2013, Plaintiff filed a
Response in opposition to Uchendu's Motion for Judgment on the
Pleadings relying in part on the Supplemental Exhibits.  (ECF No.
14.)  On May 29, 2013, Uchendu filed a Motion to Strike the
Supplemental Exhibits (ECF No. 15) and Methodist Healthcare filed
an Objection to Plaintiff's Notice of Filing Supplemental
Exhibits (ECF No. 16).

      On June 10, 2013, Uchendu filed a Reply in support of his
Motion for Judgment on the Pleadings.  (ECF No. 19.)  On June 12,
2013, Plaintiff responded in opposition to the Motion to Strike
(ECF No. 20) and on June 26, 2013, Plaintiff responded in
opposition to Methodist Healthcare's Motion for Judgment on the
Pleadings (ECF No. 21).

      On July 1, 2013, Methodist Healthcare filed an Amended
Motion for Judgment on the Pleadings, incorporating by reference
its Motion for Judgment on the Pleadings.  (ECF No. 22.)  On July
29, 2013, Plaintiff responded in opposition to Memphis
Healthcare's Amended Motion for Judgment on the Pleadings.  (ECF
No. 23.)

---

[3] On May 22, 2013, ECF No. 12 was sealed and redacted documents were filed at
ECF No. 13.  The Court will refer to the redacted documents at ECF No. 13.

## II.  CHOICE OF LAW

This Court has federal-question jurisdiction over Plaintiff's EMTALA claim pursuant to 28 U.S.C. § 1331, and supplemental jurisdiction over Plaintiff's state-law claims pursuant to 28 U.S.C. § 1367(a).  "A federal court exercising supplemental jurisdiction over state law claims is bound to apply the law of the forum state to the same extent as if it were exercising its diversity jurisdiction."  Chandler v. Specialty Tires of Am. (Tennessee), Inc., 283 F.3d 818, 823 (6th Cir. 2002) (quoting Super Sulky, Inc. v. U.S. Trotting Ass'n, 174 F.3d 733, 741 (6th Cir. 1999)) (internal quotation marks omitted).

A federal court sitting in diversity applies "state substantive law and federal procedural law."  Degussa Admixtures, Inc. v. Burnett, 277 F. App'x 530, 532 (6th Cir. 2008) (citing Erie R.R. Co. v. Tompkins, 304 U.S. 64, 78 (1938)).  Further, in diversity matters, a federal court must apply the choice-of-law rules of the forum state.  Andersons, Inc. v. Consol, Inc., 348 F.3d 496, 501 (6th Cir. 2003) (citing Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496 (1941)).

As to torts, "Tennessee follows the 'most significant relationship' rule, which provides that 'the law of the state where the injury occurred will be applied unless some other state has a more significant relationship to the litigation.'"  Rhynes v. Bank of Am., No. 12-2683, 2013 U.S. Dist. LEXIS 42713, at *7

(W.D. Tenn. Mar. 26, 2013) (quoting <u>Hicks v. Lewis</u>, 148 S.W.3d 80, 86 (Tenn. Ct. App. 2003)).  Plaintiff's alleged injuries occurred in Tennessee, and neither party asserts that the law of another jurisdiction should apply.

In Tennessee, actions relating to medical care are considered "health care liability actions" and are subject to the Tennessee Medical Malpractice[4] Act, Tenn. Code Ann. § 29-26-101 <u>et seq</u>.  <u>See</u> <u>Shuler v. McGrew</u>, No. 12-2003-STA-dkv, 2012 WL 3260685, at *4 (W.D. Tenn. Aug. 8, 2012).  In the instant case, Plaintiff's claims arise out of the alleged failure of Defendants to treat his medical condition.[5]  Accordingly, Plaintiff's state-law claims are subject to the provisions of the Tennessee Medical Malpractice Act.

**III. ANALYSIS**

The Court first addresses Uchendu's Motion to Strike and then addresses the Motions for Judgment on the Pleadings of Uchendu and Methodist Healthcare.

**A.  Motion to Strike**

In his Motion to Strike, Uchendu argues that the Supplemental Exhibits should be stricken as they constitute an

---

[4] "In 2012, Tennessee Code Annotated sections 29-26-115 to -122 and section -202 of the Medical Malpractice Act were amended to replace 'medical malpractice' with 'health care liability.'"  <u>Cunningham v. Williamson Cnty. Hosp. Dist.</u>, M2011-00554-SC-S09CV, 2013 WL 1912611, at *2 n.1 (Tenn. May 9, 2013).

[5] "Plaintiff concedes that his claims, excluding the EMTALA claim sound in medical malpractice, and therefore must comply with the requirements of the THLA."  (ECF No. 21-1 at 4.)

improper attempt by Plaintiff to amend his Complaint without the consent of Defendants or leave of court.  (ECF No. 15-2 at 3.) In the alternative, Uchendu argues that the Notice should be treated as a motion for leave to amend and denied, as such a motion would be futile.  (Id.)

Pursuant to Federal Rule of Civil Procedure 12(f) ("Rule 12(f)"), "the court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Although a motion to strike under Rule 12(f) is "a drastic remedy to be resorted to only when required for the purposes of justice," it should be granted "when the pleading to be [stricken] has no possible relationship to the controversy." Brown & Williamson Tobacco Corp. v. United States, 201 F.2d 819, 822 (6th Cir. 1953) (internal quotation marks omitted); accord Parlak v. U.S. Immigration & Customs Enforcement, No. 05-2003, 2006 WL 3634385, at *1 (6th Cir. Apr. 27, 2006).

The Court first considers whether Rule 12(f) applies to the Supplemental Exhibits and then considers whether to treat the Supplemental Exhibits as a motion for leave to amend Plaintiff's Complaint.

### 1.   Rule 12(f) is Not Applicable

Under Rule 12(f), "a court may strike only material that is contained in the pleadings."  Fox v. Mich. State Police Dep't, 173 F. App'x 372, 375 (6th Cir. 2006); accord Wimberly v. Clark

Controller Co., 364 F.2d 225, 227 (6th Cir 1966).  Pursuant to
Rule 7(a), pleadings include only the following documents:  "a
complaint," "an answer to a complaint," "an answer to a
counterclaim designated as a counterclaim," "an answer to a
crossclaim," "a third-party complaint," "an answer to a third-
party complaint," "and if the court orders one, a reply to an
answer."  Fed. R. Civ. P. 7(a)(1)-(7).  Under Rule 10(c),
however, [a] copy of a written instrument that is an exhibit to a
pleading is part of the pleading for all purposes."  Fed. R. Civ.
P. 10(c).

       Uchendu seeks to strike Plaintiff's Supplemental Exhibits
pursuant to Rule 12(f) on the basis that the Supplemental
Exhibits are an "improper attempt to amend [Plaintiff's]
Complaint" and are "immaterial to . . . the instant matter."
(ECF No. 15-2 at 4.)

       Plaintiff argues that his Supplemental Exhibits are not
"pleadings" as defined by Rule 7(a).  (ECF No. 20-1 at 4.)
Accordingly, Plaintiff asserts that the Supplemental Exhibits may
not be stricken pursuant to Rule 12(f).  (Id.)

       In the instant case, Plaintiff's Supplemental Exhibits were
not attached to the Complaint but were submitted later as a
notice.  As a notice is not a pleading within the meaning of Fed.
R. Civ. P. 7(a), the Supplemental Exhibits attached to the Notice

are not subject to a Rule 12(f) motion to strike.  Therefore, Uchendu's Motion to Strike the Supplemental Exhibits is DENIED.[6]

## 2.   Plaintiff's Notice of Filing Should Not Be Considered a Motion for Leave to Amend

Uchendu argues that, if the Court declines to strike Plaintiff's Supplemental Exhibits, the Court should construe the Notice as a motion for leave to amend Plaintiff's Complaint and then deny that motion on the basis that amendment would be futile. (ECF No. 15-2 at 3.)  In support, Uchendu cites Torrez v. McKee, a case in which the magistrate judge construed supplemental exhibits filed after the complaint as a motion to amend plaintiff's complaint, No. 1:06-cv-903, 2007 WL 3347618, at *1 (W.D. Mich. Nov. 9, 2007).  (ECF No. 15-2 at 4-5.)

Plaintiff argues that the Supplement Exhibits may be considered for the purposes of a Rule 12(c) motion without construing the Supplemental Exhibits as a motion to amend.  (ECF No. 20-1 at 5-6.)  In support, Plaintiff cites Huston v. Mittal Steel USA, No. 2:06-CV-552, 2006 WL 2709776, at *1 (S.D. Ohio Sept. 20, 2006).  (ECF No. 21-1 at 3-4.)  In Huston, the court stated that, in considering a motion for judgment on the pleadings, a "court considers the pleadings alone which consist of the complaint, the answer, and any written instruments

---

[6] Even if the Supplemental Exhibits were subject to a Rule 12(f) motion to strike, the Court finds that the Supplemental Exhibits have a relationship to the controversy and are, therefore, not "redundant, immaterial, impertinent, or scandalous."  Fed. R. Civ. P. 12(f).  Accordingly, it would be inappropriate to strike the Supplemental Exhibits.

attached as exhibits." Id.  Additionally, the court stated that
"[t]he complaint is deemed to include any written instrument
attached to it as an exhibit, materials incorporated in it by
reference, and documents that, although not incorporated by
reference, are integral to the complaint." Id. (citation
omitted).

The Court agrees with Plaintiff's argument.  First, a
"plaintiff is under no obligation to attach to his compliant
documents upon which his action is based." Weiner, D.P.M. v.
Klais & Co., 108 F.3d 86, 89 (6th Cir. 1997).  Second, because
motions for judgment on the pleadings are analyzed under the same
standard as motions to dismiss pursuant to Rule 12(b)(6), see
Monroe Retail, Inc. v. RBS Citizens, N.A., 589 F.3d 274, 279 (6th
Cir. 2009), documents "referred to in the pleadings and . . .
integral to the claims" may be considered in analyzing a motion
for judgment on the pleadings, Commercial Money Ctr., Inc. v.
Ill. Union Ins. Co., 508 F.3d 327, 335-36 (6th Cir. 2007).
Because the Supplemental Exhibits submitted by Plaintiff are
referenced in the Complaint (see ECF No. 1-1 at PageID 10-11),
and are integral to the Complaint, the Court will not construe
the Notice as a motion to amend and will consider the
Supplemental Exhibits in analyzing the Motions for Judgment on

the Pleadings.  See Huston, 2006 WL 2709776, at *1; see also Sira

v. Morton, 380 F.3d 57, 67 (2d Cir. 2004).[7]

   **B.   Motions for Judgment on the Pleadings**

      Pursuant to Rule 12(c), "[a]fter the pleadings are closed —

but early enough not to delay trial — a party may move for

judgment on the pleadings." Fed. R. Civ. P. 12(c).  "For

purposes of a motion for judgment on the pleadings, all well-

pleaded material allegations of the pleadings of the opposing

party must be taken as true, and the motion may be granted only

if the moving party is nevertheless clearly entitled to

judgment."  Warrior Sports, Inc. v. Nat'l Collegiate Athletic

Ass'n, 623 F.3d 281, 284 (6th Cir. 2010) (internal quotation

marks omitted).  Plaintiff's factual allegations, however, must

"raise a right to relief above the speculative level."  Bell Atl.

Corp. v. Twombly, 550 U.S. 544, 555 (2007).

      In Defendants' Motions for Judgment on the Pleadings,

Defendants argue that Plaintiff failed to comply with the

mandatory requirements of Tennessee Code Annotated Section 29-26-

121 by failing to attach the appropriate materials to his

Complaint.  (ECF No. 11-1 at 2-7; ECF No. 17-1 at 4-9.)

Accordingly, Defendants assert that Plaintiff's state-law claims

must be dismissed with prejudice.  (ECF No. 11-1 at 2; ECF No.

17-1 at 2.)

---

[7] Accordingly, Methodist Healthcare's objection to the Supplementary Exhibits
(ECF No. 16) is OVERRULED.

Defendants further argue that even if the Court considers the Supplemental Exhibits, Plaintiff's state-law claims should be dismissed with prejudice as the HIPAA releases filed by Plaintiff "do[] not permit[] the provider receiving the notice to obtain complete medical records, but only allow[] Plaintiff's own counsel to obtain his medical records." (ECF No. 19 at 10 (second alteration in original) (internal quotation marks omitted); ECF No. 22 at 2-3.)  Additionally, Uchendu asserts that the mailing receipt filed by Plaintiff does not meet the statute's requirements.  (ECF No. 19 at 10.)

Pursuant to the Tennessee Medical Malpractice Act's notice provisions, "[a]ny person . . . asserting a potential claim for health care liability shall give written notice of the potential claim to each health care provider."  Tenn. Code Ann. § 29-26-121(a)(1).  This notice shall include "[a] HIPAA compliant medical authorization permitting the provider receiving the notice to obtain complete medical records from each other provider being sent a notice."  Id. § 29-26-121(a)(2)(E).  In order to satisfy the notice requirement, proof of service "shall be filed with the complaint."  Id. § 29-26-121(a)(3).  Where the notice is mailed,

> [c]ompliance with subdivision (a)(3)(B) shall be demonstrated by filing a certificate of mailing from the United States postal service stamped with the date of mailing and an affidavit of the party mailing the notice establishing that the specified notice was timely mailed by certified mail, return receipt

11

> requested. A copy of the notice sent shall be attached
> to the affidavit. It is not necessary that the
> addressee of the notice sign or return the return
> receipt card that accompanies a letter sent by
> certified mail for service to be effective.

Id. § 29-26-121(a)(4). Further, "[i]f a complaint is filed in any court alleging a claim for health care liability, the pleadings shall state whether each party has complied with subsection (a) and shall provide the documentation specified in subdivision (a)(2)." Id. § 29-26-121(b). A "court has discretion to excuse compliance with this section only for extraordinary cause shown." Id.

Plaintiff argues that he has complied with the notice requirements of the Tennessee Medical Malpractice Act. (ECF No. 14-1.) First, Plaintiff asserts that, pursuant to Rule 10(c), any exhibit to a pleading is a part of that pleading, and that a "plaintiff is under no obligation to attach to his compliant documents upon which his action is based." Weiner, D.P.M., 108 F.3d at 89. Additionally, Plaintiff asserts that documents "referred to in the pleadings and integral to the claims" may be considered in analyzing a motion for judgment on the pleadings, Commercial Money Ctr., 508 F.3d at 335-36. (ECF No. 14-1 at 6.) Accordingly, the HIPAA releases and the Certified Mail Domestic Return Receipt, filed as the Supplemental Exhibits, are part of his pleadings. (Id.) Second, Plaintiff asserts that his general release to Defendants complied with

12

HIPAA and allowed the disclosure of all medical records to
Defendants.  (ECF No. 23 at 3.)  Third, Plaintiff asserts that he
was not required to file a "certificate of mailing" as he
provided Methodist Healthcare notice both by certified mail and
personal delivery.  Accordingly, he was only required to submit
"an affidavit stating that the notice was personally delivered
and [identifying] the individual to whom the notice was
delivered."  (ECF No. 21-1 (internal quotation marks omitted).)
Additionally, Plaintiff asserts that he was not required to file
a "certificate of mailing" as to Uchendu because his Certified
Mail Domestic Return Receipt is sufficient under Tennessee
Medical Malpractice Act's notice provisions.  (ECF No. 14-1 at
10-11 (citing Duncan v. Med. Educ. Assistance Corp., No. 2:12-CV-
182, 2013 WL 1249574, at *9-11 (E.D. Tenn. Mar. 27, 2013)).)

The Court agrees with Defendants that Plaintiff has not
complied with the notice provisions of the Tennessee Medical
Malpractice Act as Plaintiff did not attach the necessary
documents to his Complaint.  The Tennessee Medical Malpractice
Act states that the pleadings "shall provide the documentation
specified in subdivision (a)(2)."  Tenn. Code Ann. § 29-26-
121(b).  Pursuant to subdivision (a)(2), the notice to a
defendant shall include "[a] HIPAA compliant medical
authorization permitting the provider receiving the notice to
obtain complete medical records from each other provider being

13

sent a notice." Tenn. Code Ann. § 29-26-121(a)(2). Accordingly,
Plaintiff was required to file the HIPAA release forms with his
Complaint. See Reed v. Speck, 508 F. App'x 415, 423 (6th Cir.
2012) ("The notice and certification requirements in any medical
malpractice action in Tennessee are mandatory."); see also Vaughn
v. Mountain States Health Alliance, No. E2012-01042-COA-R3-CV,
2013 WL 817032, at *4 (Tenn. Ct. App. Mar. 5, 2013) ("[T]he use
of the word 'shall' indicates that the legislature intended the
requirements to be mandatory, not directory."). Plaintiff did
not attach the HIPAA releases to his Complaint. (See ECF No. 1-
1.) While Plaintiff argues that his later Notice should be
considered part of his pleadings, Plaintiff may not use federal
procedural law to circumvent the requirements of state
substantive law. See Conrad v. Washington Cnty., No. 2:11-CV-
106, 2012 WL 554462, at *2 (E.D. Tenn. Feb. 21, 2012) ("[The]
notice requirements of the [Tennessee Medical Malpractice Act]
are substantive law."); accord Shuler, 2012 WL 3260685, at *4.
Tennessee Courts do not allow later filings to cure the failure
of a plaintiff to strictly comply with the notice requirements of
the Tennessee Medical Malpractice Act. See, e.g., Thurmond v.
Mid-Cumberland Infectious Disease Consultants, PLC, No. M2012-
02270-COA-R3CV, 2013 WL 1798960, at *3 (Tenn. Ct. App. Apr. 25,
2013); Vaughn, 2013 WL 817032, at *4-6. Accordingly, the Court
will not allow Plaintiff's filing of Supplemental Exhibits months

14

after filing his Complaint to cure Plaintiff's failure to strictly comply with the notice requirements of the Tennessee Medical Malpractice Act.  See Duncan, 2013 WL 1249574, at *3 ("[T]he Court concludes that plaintiffs are likely stuck with what they file, or fail to file, with their original complaint.").  Additionally, while failure to strictly comply with the notice requirements may be excused by extraordinary cause, Tenn. Code Ann. § 29-26-121(b), Plaintiff has not demonstrated any cause for his failure to attach the necessary documents to his Complaint.  As a result, Plaintiff has not complied with the notice provisions of the Tennessee Medical Malpractice Act and, as a matter of law, has failed to state a claim upon which relief can be granted.[8]

## IV.   CONCLUSION

For the foregoing reasons, Uchendu's Motion to Strike (ECF No. 18) is DENIED and Defendants' Motions for Judgment on the Pleadings (ECF Nos. 11, 22) are GRANTED as to Plaintiff's state-law claims.  Plaintiff's state-law claims are, therefore, DISMISSED WITH PREJUDICE.

**SO ORDERED,** this 13th day of August, 2013.

s/ Jon P. McCalla
JON P. McCALLA
CHIEF JUDGE, U.S. DISTRICT COURT

---

[8] Even if Plaintiff had filed the HIPAA releases with his Complaint, the releases would not have been sufficient as they only authorized the release of Plaintiff's medical records to the law firm representing Plaintiff. (See ECF No. 13-1 at PageID 131; ECF No. 13-2 at PageID 138.)