IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| KENNEDY WILLIAM MILLER, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CHINENYE UCHENDU, M.D., and )<br>METHODIST HEALTHCARE MEMPHIS )<br>HOSPITALS d/b/a METHODIST )<br>LEBONHEUR HEALTHCARE, )<br>)<br>Defendants. )<br>) | No. 13-cv-2149-SHL-dkv |

**ORDER**

On February 14, 2017, at 1:00 p.m., the Court conducted a final pretrial conference. At the conference, counsel raised several issues that the Court reserved ruling on, which are now addressed herein.

I.   Trial Date

As you know, due to the estimated length of time of trial, the Court considered moving the trial date. However, the Court will adjust its schedule and the case **will proceed to trial on February 27, 2017**, as scheduled.

II.   Preemptory Strikes

Because there are two defendants in this matter, the Court will jointly give Defendants one additional preemptory strike during *voir dire*. Plaintiff will have three strikes and Defendants will jointly have four.

III.   Opening Statements

Counsel for Dr. Uchendu requests permission to show anticipated exhibits to the jury during opening statements. The Court will permit counsel to discuss evidence counsel

anticipates the jury will see but will not allow counsel to show the exhibits themselves before their admission into evidence.

IV.     Exclusion of Undisclosed Witnesses

Plaintiff objects to testimony at trial from two potential witnesses listed in Defendants' pretrial disclosures for failure to disclose these witnesses pursuant to Rules 26 and 37.  Federal Rule of Civil Procedure 26(e) requires parties to supplement initial disclosures under Rule 26(a) "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the parties during the discovery process or in writing[.]"  "If a party fails to . . . identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

It is the Court's understanding that neither Brandy Long or Peris Orlando were disclosed as potential witnesses in Defendants' Rule 26(a) disclosures or at any point during discovery. Their names were first included as potential witnesses in Defendants' pretrial disclosures, filed January 27, 2017, and Plaintiff filed a timely objection.  (ECF Nos. 225, 226.)  Rule 37(c)(1) mandates the exclusion of a witness at trial if the proponent of the witness did not disclose it during discovery, unless the failure to make the disclosure was substantially justified or harmless.  At the conference, Defendant Methodist argued that Ms. Long falls within a general disclosure including healthcare providers and Ms. Orlando was mentioned by others during discovery.[1]  However, Methodist failed to show how the general disclosure or references to Ms.

---

[1] Methodist also argued that, because Plaintiff had witnesses on his potential witness list who were not disclosed previously, the Court cannot grant Plaintiff's motion without excluding Plaintiff's undisclosed witnesses, including Gary Davis, Andrew Mills and Michael McConnell.

2

Orlando by others fulfill the requirements of Rule 26(e), and Methodist failed to supplement its disclosure by providing the potential witnesses names and information during the discovery phase of the case.  Moreover, Defendants have not shown how their failure to disclose either witness was either substantially justified or harmless.  Therefore, the Court excludes the testimony of Brandy Long and Peris Orlando from trial.

The Court notes that, at the pretrial conference, it assumed that the disclosure requirement would not apply to rebuttal witnesses.  However, the law does not support the Court's assumption.  Therefore, that Defendants intend to call either Ms. Long or Ms. Orlando as rebuttal witnesses does not excuse its failure to disclose those individuals as witnesses under Rule 26.  See King v. Ford Motor Co., 209 F.3d 886, 901 (6th Cir. 2000); Adam Schut v. Stafford-Smith, Inc., No. 1:12-cv-787, 2014 WL 12636880, at *3 (W.D. Mich. Jan 27, 2014).

**IT IS SO ORDERED**, this 15th day of February, 2017.

                                                    s/ Sheryl H. Lipman  
                                                    SHERYL H. LIPMAN  
                                                    UNITED STATES DISTRICT JUDGE

---

However, Defendants filed no objection and it is not clear that either Defendant contests the testimony of these three witnesses.  In fact, Michael McConnell is also on Methodist's witness list.